In re Bobby Joe EDWARDS, Debtor.

Bankruptcy No. 13-83-01463 MA.

United States Bankruptcy Court,
New Mexico.

July 18, 1985.

Daniel J. Behles, Albuquerque, N.M., for debtor.

Gary B. Ottinger, Albuquerque, N.M., Chapter 13 trustee.

John F. Caffrey, Albuquerque, N.M., for Citizens Bank.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court to consider confirmation of the debtor's chapter 13 plan. Citizens Bank objected on three grounds. The Court previously addressed two of the grounds for objection in *In re Bobby Joe Edwards*, 51 B.R. 792 (Bkrtcy.N.M.1984;). Remaining before the Court is the Bank's final ground for objection. The bank contends that the debtor had over $100,000.00 in unsecured debt at the time of the filing of the petition, and is therefore not qualified to be a debtor under chapter 13. 11 U.S.C. § 109(e).

Unsecured claims, evidenced by proofs of claim in this case are as follows:

| | |
|---|---|
| Internal Revenue Service | $ 27,485.40 |
| Citizens Bank | 109,161.00 |
| Bud Woodward | 4,462.23 |
| Town and Country Charge | 919.58 |
| Francis & Arland, P.A. | 141.08 |
| TOTAL | $142,169.29 |

The debtor originally listed his non-contingent, liquidated, unsecured debts as follows,

| | |
|---|---|
| Internal Revenue Service | $ 17,684.00 |
| New Mexico Dept. of Taxation | 3,036.00 |
| Bud Woodward | 4,462.23 |
| Citizens Bank | 74,943.53 |
| Douglas T. Francis | 141.08 |
| Town and Country Charge | 911.74 |
| TOTAL | $101,178.58 |

but asks us to reduce it by the $4,462.00 claim of Bud Woodward, who paid that sum to the bank as a co-signer of one of the bank notes. The following unsecured claims are not in dispute:

| | |
|---|---|
| Internal Revenue Service | $ 27,485.40 |
| New Mexico Dept. of Taxation | 3,036.00 |
| Bud Woodward | 4,462.23 |
| Douglas T. Francis | 141.08 |
| Town and Country Charge | 911.74 |
| TOTAL | $ 36,036.45 |

The dispute arises over the claim of Citizens Bank. The debtor originally listed the bank's claim at $74,943.53. The bank filed a proof of claim for $80,051.80, and amended it to $109,161.00. This figure represents the original debt of $74,943.53 and interest which had accrued to the date of filing of the petition in bankruptcy.

The debtor has two objections to the bank's proof of claim. The first contention is that the bank included interest on the debt, and the second is that the bank received $46,871.33 from U.S. Insurance Group in settlement of this claim and thus it should not be allowed to assert a claim for the entire amount of the debt. The resolution of these disputes will determine whether Edwards can be a debtor under 11 U.S.C. § 109(e) of the Bankruptcy Code.

According to 11 U.S.C. § 109(e), "only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $100,000.00 and non-contingent, liquidated secured debts of less than $350,000.00 ... may be a debtor under chapter 13 of this title."

■ Citizens Bank is claiming interest on the obligation owed to them. It is well settled that interest is allowable up until the date of the filing of the petition. *See*, 3 *Colliers on Bankruptcy*, § 502.02 at p. 502–29 et seq. (15 Ed. 1983). Thus, Citizens Bank is allowed to claim the entire amount of its debt, including interest to the date of the filing of the petition.

The debtor's second argument is that Citizens Bank was paid $46,871.33 by its bonding company and is thereby precluded from asserting this portion of the claim against the debtor's estate. The debtor argues that Citizens Bank is merely asserting the assignment of a debt by the bonding company as part of their proof of claim.[1] Although U.S. Insurance Group assigned its interests to Citizens Bank, the underlying payment of funds to the bank by U.S. Insurance Group must be examined by this Court to determine who should properly assert the claim.

■ First, it must be noted that § 109(e) does not provide that a proof of claim need be filed before a debt is considered legally owed as a liquidated, non-contingent, unsecured claim. The dollar amounts specified in § 109(e) restrict the eligibility to be a debtor to those individuals who fall within the guidelines provided. Had Congress intended that proofs of claim be the determinative factor in whether an individual could proceed under chapter 13, it would have so specified.

■ On the filing of the petition, the debtor files a chapter 13 statement which includes lists of secured and unsecured creditors, and the amount of such claims. The debtor's statement, though it must be a good faith estimate, is not dispositive of the issue. If this was the test, the ignorant debtor who had no reasonable perception of his liabilities would be at an advantage over the debtor who was aware of his bad situation. However, the statement filed by the debtor is a good starting point for determining the amount of debt on the date of the filing of the petition.

Once the debtor has filed his petition, the creditors may file proofs of claim. 11 U.S.C. § 501(a). This section is permissive and does not require the filing of a proof of claim. Notes on Committee on the Judiciary, Senate Report No. 95–989, U.S. Code Cong. & Admin. News 1978, p. 5787. Creditors may file proofs of claim when some

---

**1.** It should be noted that U.S. Insurance Group was not listed as a creditor in the petition nor was it aware of the bankruptcy prior to the deadline for filing a proof of claim.

purpose would be served, such as where the creditor disagrees with the debtor's assessment of the debt as contingent, non-contingent, secured, unsecured or the amount thereof. Thus, the debtor's statement is a rebuttable presumption for chapter 13 purposes. If the creditor does not dispute the debtor's figures or categorizations, then they will stand. If the debtor does not dispute the figures or categorization then the creditor's proof of claim will be presumed to be correct.

■ Edwards knew at the time of the filing of the petition that he was indebted to Citizens Bank in the amount of $74,-943.53 plus interest. Now, he is asserting that the payment by the bonding company should inure to his benefit. As a matter of, law this is not appropriate.

> As a general rule, benefits received by the plaintiff from a source collateral to the tortfeasor or contract breach may not be used to reduce the defendant's liability for damages. This rule holds even though the benefits are payable to the plaintiff because of the defendant's actionable conduct and even though the benefits are measured by the plaintiff's losses.

D. Dobbs, Handbook on the Law of Remedies § 3.06 at p. 185 (1982), citing *Restatement of Torts* § 920, Comment e (1939); Maxwell, The Collateral Source Rule in the American Law of Damages 46 Minn.L.Rev. 669 (1962), reprinted in S. Schreiber, Damages 61 (1965). Under this rule, the debtor is still liable to the bank even though the bank received funds from the bonding company.

■ Because the bank is allowed to assert its entire claim against the debtor in this bankruptcy case, the debtor is clearly over the $100,000.00 limit for unsecured claims, and cannot be a debtor under chapter 13 of the bankruptcy code.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.