**In the Matter of Terrence Ray McGOVERN, Debtor.**

**Bankruptcy No. 89–30227.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Oct. 4, 1989.

Order on Motion to Alter or Amend Jan. 26, 1990.

Daniel J. Skekloff, Fort Wayne, Ind., for debtor.

Peter A. Velde, Indianapolis, Ind., for Cincinnati Ins. Co.

John C. Muehlhausen, Logansport, Ind., for Area Five Council on Aging.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on a motion to dismiss. The motion has been filed on behalf of the Area Five Counsel on Aging and Cincinnati Insurance Company. Movants claim the debtor is not eligible for relief under Chapter 13 because his noncontingent, liquidated, unsecured debts exceed $100,000.00.

Relief under Chapter 13 of the Bankruptcy Code is restricted to individuals whose debts fall within certain parameters and are of a certain type. *See* 11 U.S.C. § 109(e). At the present time, we need only address the limitations upon unsecured obligations. To be eligible for Chapter 13, on the date of the petition, a debtor's noncontingent, liquidated, unsecured debts must be less than $100,000.00. 11 U.S.C. § 109(e).

Resolution of the eligibility question requires the court to focus upon movants' claim against the debtor. This claim was apparently the subject of litigation in the state courts prior to the petition for relief under Chapter 13. That litigation was stayed by the petition and the claim has not been reduced to judgment or proceeded to trial.

The foundation for movants' claim is described in the exhibits which accompany its memorandum in support of the motion to dismiss. The Counsel on Aging is a non-profit organization. From June of 1978 to mid March of 1987, debtor was the Counsel's executive director. Based upon an

audit conducted by the Indiana State Board of Accounts, movants claim that, while employed as executive director, the debtor misappropriated funds, totalling $150,655.00, for his own personal benefit. Pursuant to a bond, Cincinnati Insurance Company claims a subrogation interest in anything the Counsel may recover on account of this claim. Debtor vehemently denies any wrongdoing. At all times he has denied and disputed all of the operative facts concerning liability on this claim.

■ Debtor's eligibility for relief under Chapter 13 depends upon the proper characterization of the amounts claimed due the movants. The inquiry is a preliminary or threshold determination. The court need not and does not pass on the ultimate merits when reviewing claims for the purpose of determining eligibility. *See In re Sylvester*, 19 B.R. 671, 673 (9th Cir.B.A.P. 1982) (citing *In re Thomas*, 211 F.Supp. 187, 192 (D.Colo.1962), *aff'd*, 327 F.2d 667 (10th Cir.1964)). If movants' claim is both noncontingent and liquidated, debtor is not eligible for relief. If, on the other hand, the claim was either contingent or unliquidated on the date of the petition the debtor is eligible.

■ A debtor's eligibility for relief under Chapter 13 is not determined solely by reference to the debts and claims as he has chosen to schedule them. Congress did not intend that debtors would be given exclusive control over the accessibility to Chapter 13 or be permitted to circumvent its debt ceilings by the artful manipulation of the information contained in the bankruptcy filings. *See Matter of Day*, 747 F.2d 405 (7th Cir.1984); *In re Albano*, 55 B.R. 363, 368 (D.N.D.Ill.1985). Even where the Chapter 13 statement is filed in good faith, it is not dispositive on the question of eligibility. Rather, it is only the point of beginning. *In re Edwards*, 51 B.R. 790, 791 (Bankr.D.N.M.1985). Thus, just because a creditor has been scheduled in one fashion or another does not necessarily make it so. In the same fashion, the court is not bound by the claims as creditors have chosen to assert them. Just as the debtor is not permitted to control its eligibility for relief

under Chapter 13, that right should not be restricted by the demands of creditors. Instead, in each instance, the court is required to look beyond the information given and make an independent determination. *In re Sylvester, supra*, 19 B.R. at 673.

The Bankruptcy Code defines some but not all of the concepts found in § 109(e). "Debt" is defined as "liability on a claim." 11 U.S.C. § 101(11). A "claim" is a

right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.... 11 U.S.C. § 101(4)(A).

"By defining a debt as a 'liability on a claim,' Congress gave debt the same broad meaning it gave claim." *In re Energy Co-op, Inc.*, 832 F.2d 997, 1001 (7th Cir. 1987). The two concepts are co-extensive or synonymous. *Id.; In re Burgat*, 68 B.R. 408, 409 (Bankr.D.Colo.1986). The different terms simply refer "to a single obligation as seen from the point of view of the debtor and the creditor, respectively—a debtor has 'debts' and a creditor has 'claims.'" *In re Burgat, supra*, 68 B.R. at 409. *See also In re Pulliam*, 90 B.R. 241, 245 (Bankr.N.D.Tex.1988). "In other words, when a creditor has a claim against a debtor—even if the claim is unliquidated, unfixed, or contingent—the debtor has incurred a debt to the creditor." *In re Energy Co-op, Inc., supra*, 832 F.2d at 1001 (citing *In re Vasu Fabrics, Inc.*, 39 B.R. 513, 516–17 (Bankr.S.D.N.Y.1984). Consequently, the definition of debt as "liability on a claim" does not require that liability be conceded or otherwise established. Instead, liability on a claim exists even though that claim has not been finally determined and is disputed, contingent, or unliquidated. *See Vasu Fabrics, Inc., supra*, 39 B.R. at 517.

To determine this debtor's eligibility for relief under Chapter 13 requires the court to examine the concepts of contingent and liquidated claims, as well as how or whether disputes affect those characterizations. These three concepts—contingent, liquidated, and disputed—are interrelated.

They are not, however, interdependent. Contingency relates to the nature or origin of a liability. Liquidation refers to ascertaining the amount due. Disputes can involve questions concerning either or both the fact of liability or the amount. Thus, while all three concepts impact upon the existence or the extent of liability, they relate to different aspects of it.

■ Liquidation relates only to the amount of any liability. It does not concern the existence of liability itself. It focuses upon the certainty of the amount claimed due or the precision with which it can be determined. *See In re Silver*, 109 F.Supp. 200, 203–04 (D.E.D.Ill.1953), *aff'd per curiam*, 204 F.2d 259 (7th Cir.1953). "[W]hether a debt is liquidated turns on whether it is subject to 'ready determination and precision in computation of the amount due.'" *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir.1987) (citing *In re Sylvester, supra*, 19 B.R. at 673). Since the question of liquidation is independent of the question of liability, even if liability is conceded or established, so long as the amount of liability cannot be readily determined the debt is unliquidated. *See In re Silver, supra*, 109 F.Supp. at 204.

A claim is often characterized as liquidated if the amount due can be readily ascertained either by reference to an agreement or through simple mathematics. *In re Sylvester, supra*, 19 B.R. at 673; *In re Michaelsen*, 74 B.R. 245, 250 (Bankr.D. Nev.1987); *In re Williams*, 51 B.R. 249, 250 (Bankr.S.D.Ind.1984); *In re Flaherty*, 10 B.R. 118, 120 (Bankr.N.D.Ill.1981).

[I]f the amount of the claim can be ascertained, or is capable of ascertainment by mere calculation or computation, it is liquidated; if judgment, discretion, or opinion, as distinguished from calculation or computation is required to determine the amount of the claim, it is unliquidated. *First National Bank v. Insurance Co.*, 606 F.2d 760, 769–70 (7th Cir.1979) (ap-

plying Illinois law). *See also Public Service Co. v. Bath Iron Works Corp.*, 773 F.2d 783, 796 (7th Cir.1985) (applying Indiana law).

Thus, a claim is unliquidated when the finder of fact must rely upon its judgment to establish an appropriate amount to compensate for past and future injury. *See Public Service Co. v. Bath Iron Works Corp., supra*, 773 F.2d at 796. It is liquidated when judgment or discretion is not required.[1]

■ In broad terms, the concept of contingency involves the nature or origin of liability. More precisely, it relates to the time or the circumstances under which liability arises. "In this connection 'liability' does not mean the same as judgment or remedy, but only a condition of being obligated to answer for a claim." *In re Longhorn 1979–II Drilling Program*, 32 B.R. 923, 927 (Bankr.W.D.Okla.1983).

[T]he rule is clear that a contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *In re Fostvedt, supra*, 823 F.2d at 306 (quoting *Brockenbrough v. Commissioner*, 61 B.R. 685, 686 (D.W.D.Va.1986)). *See also Armstrong v. Corn Belt Bank*, 55 B.R. 755, 762 (D.C.D.Ill.1985), *aff'd* 812 F.2d 1024 (7th Cir.1987).

Thus, where the existence or accrual of liability depends upon some future event that may never happen or upon a condition which may never be fulfilled a claim is contingent. *In re Albano, supra*, 55 B.R. at 366–67; *In re Pulliam, supra*, 90 B.R. at 243; *In re Williams, supra*, 51 B.R. at 250; *In re Flaherty, supra*, 10 B.R. at 119. *See also, In re B.D. International Discount Corp.*, 701 F.2d 1071, 1073 n. 2 (2nd Cir.1983); *In re Trimble Co.*, 339 F.2d 838, 844 n. 9 (3rd Cir.1964); *Matter of Bowers*, 16 B.R. 298, 300 (Bankr.D.Conn.1981); *In*

---

**1.** The need to use judgment in determining the amount of liability must be distinguished from the judgment which must necessarily be used to determine the existence of liability. A court or a jury will always be required to exercise its judgment in determining the fact of liability.

The assessment of damages, however, does not always require the court or the jury to do so. *See Lystarczyk v. Smits*, 435 N.E.2d 1011, 1015 (Ind.App.1982); *Indiana Industries, Inc. v. Wedge Products*, 430 N.E.2d 419, 427 (Ind.App. 1982).

*re All Media Properties, Inc.,* 5 B.R. 126, 132–133 (Bankr.S.D.Tex.1980).

> Stated another way, where all the facts giving rise to liability are in existence at the time of the filing of the petition, and no future occurrence is required in order to establish debtor's liability, the claim is not contingent as to liability. *In re Dill,* 30 B.R. 546, 549 (9th Cir. BAP 1983), *aff'd,* 731 F.2d 629 (9th Cir.1984). *See also, In re Longhorn 1979–II Drilling Program, supra,* 32 B.R. at 928.

The distinction between contingent and noncontingent debts turns upon whether or not there is a presently existing duty, which should be fulfilled, as opposed to a duty which may arise sometime in the future. If the debtor's obligation to a creditor has already come into existence and is capable of being enforced the claim is noncontingent. If, however, debtor's liability has yet to attach the claim is a contingent one.

"This logic applies impartially to actions which sound in tort as well as to contractual obligations." *In re Longhorn 1979–II Drilling Program, supra,* 32 B.R. at 928. Although unadjudicated tort claims are often called contingent, this is not truly the case. "[T]here is nothing mysterious about an unadjudicated claim which rests in tort. It is no more remote than an unadjudicated claim for breach of contract and is no less contingent." *Id.* at 929. More than anything else, such references are the result of careless usage and the failure to properly distinguish between the concepts of contingency and liquidation. *In re Albano, supra,* 55 B.R. at 367. They arise out of the failure to fully appreciate the distinction between liquidation and contingency and the role uncertainty plays in determining these characterizations.

Whether or not a claim is contingent or unliquidated is determined as of a particular point in time—in this instance the date of the petition. Uncertainty plays a part in each. But the nature of the uncertainties relating to contingency are very different from the uncertainties relating to liquidation.

The proper characterization of a claim as contingent or noncontingent depends upon events that have already taken place, as opposed to events which have yet to occur. So long as all of the allegations upon which the fact of liability is based relate to events that have already occurred the claim is noncontingent. We are not concerned with the uncertainty that exists over whether or not the finder of fact will ultimately determine that those events actually occurred and impose liability. Otherwise, every claim, whether in contract or tort, would be contingent until judgment had been entered.

Liquidation is dependant upon the certainty or uncertainty of the amount due. It is a function of the ease and the manner in which the amount due can be determined, whether through the use of judgment and discretion or simple computation. Where the value of the claim or the amount of damages is uncertain, in the sense that it can only be determined through the use of judgment or discretion, the claim is unliquidated. If there is no uncertainty, so that simple mathematics can supply this value, the claim is liquidated.

Viewed in this manner, tort claims will rarely be contingent. "[T]he events that give rise to the tort claim usually have occurred and liability is not dependant on some future event that may never happen." *In re Dill, supra,* 30 B.R. at 549. They will often, although not always, also be unliquidated. The fact that such a claim would be unliquidated does not, however, also make it contingent. Particularly where claims for injuries to persons and property are concerned, the value of the claim is uncertain because the damages cannot be determined with any precision. Judgment and discretion are needed to determine the amount of any loss. Yet, if the value of a tort claim can be determined with precision the claim would not only be noncontingent but also liquidated.

Disputes concerning a claim can involve a challenge to the existence of liability and/or its amount. Nonetheless, a disputed debt is not the same as a contingent or unliquidated one. *See Matter of Covey,*

650 F.2d 877, 881 n. 6 (7th Cir.1981). "Merely because a debtor disputes a debt, or has defenses or counterclaims, that does not render that debt contingent or unliquidated." *In re Albano, supra,* 55 B.R. at 368. A disputed debt is simply that and nothing more—disputed. Disputes concerning a claim do not change the characterization it would otherwise have as noncontingent or liquidated. *In re Pulliam, supra,* 90 B.R. at 244–246.

Disputed claims are considered in determining eligibility for relief under Chapter 13. *In re Pulliam, supra,* 90 B.R. at 244. So long as it is otherwise noncontingent and liquidated, "a claim should not be excluded from the § 109(e) computation merely because it is disputed." *In re Williams, supra,* 51 B.R. at 251. Quite simply, disputes, defenses, and counterclaims concerning a debt are not relevant to the question of eligibility for relief under Chapter 13. *In re Sylvester, supra,* 19 B.R. at 673.

■ When measured against these standards, debtor's obligation to the movants is noncontingent and liquidated. *Cf. In re Beechwood,* 36 F.Supp. 140 (D.N.J.1940) (claim for misappropriation of funds was fixed as to liability and liquidated as to amount); *In re B.D. Int'l Discount Corp.,* 13 B.R. 635 (Bankr.S.D.N.Y.1981) (claim for misappropriation of funds not contingent).

All of the events upon which the claim is premised occurred prior to the date of the petition. Although debtor's liability as a result of those allegations had not been determined, all of the events needed to establish or give rise to that liability had already occurred. Liability, if any, had already attached by the time the petition was filed. Since debtor's liability is not dependent upon some uncertain future event, the claim is not contingent.

Determining the amount due because of this claim does not involve the use of judgment or discretion. While judgment and discretion must necessarily play a role in determining the existence of liability, the amount of any liability will require only simple arithmetic. After determining debtor's liability for a multitude of separate events, we need only add up the amount of money involved in each to determine the amount of the claim. This will require only mathematics not the exercise of judgment. *See Floyd v. Jay County REMC,* 405 N.E.2d 630, 636 (Ind.App.1980). As a result, the claim is a liquidated one.

On the date of the petition, debtor's non-contingent, liquidated, unsecured debts exceeded $100,000.00. Debtor is not eligible for relief under Chapter 13.

Debtor's failure to fulfill the eligibility requirements of 11 U.S.C. § 109(e) constitutes cause, as required by 11 U.S.C. § 1307(c), to dismiss this case. *See Matter of Day, supra,* 747 F.2d 405; *In re Kelsey,* 6 B.R. 114, 117–18 (Bankr.S.D.Tex.1980); *In re Mozer,* 1 B.R. 350, 351 (Bankr.Colo. 1979). Therefore, the motion to dismiss should be granted. An order doing so will be entered.

## ORDER ON MOTION TO ALTER OR AMEND

This matter is before the court on debtor's motion to alter or amend the order and decision of October 4, 1989. On that date, the court determined that debtor was not eligible for relief under Chapter 13, because his non-contingent, liquidated, unsecured debts exceeded $100,000.00. As a result, this case was dismissed.

Debtor's motion does not challenge the legal standards the court used in reaching its decision. Instead, it is debtor's position that the court has misinterpreted or misapplied these standards to the facts of this case, insofar as they pertain to the determination that debtor's obligation to movants was liquidated for the purposes of § 109(e).

In determining that movants' claim was liquidated, the court adopted a standard which turned upon whether or not the exercise of judgment, discretion, or opinion was required to determine the amount due, as opposed to calculation or computation. If judgment or discretion is required, a claim is an unliquidated one. If not, it is liquidated.

A claim is liquidated if the evidence furnishes data which, if believed, makes it

possible to compute the amount with exactness, without reliance upon opinion or discretion. Examples are claims upon promises to pay a fixed sum, claims for money had and received, claims for money paid out, and claims for goods and services to be paid at an agreed rate. If the claim is one of the kinds mentioned above, it is still "liquidated", by what seems to be the preferable view, even though it is disputed in whole or in part. *Matter of Vaughn*, 36 B.R. 935, 938 (D.N.D.Ala.1984) (citing C.T. McCormick, *Damages* § 54 p. 213 (1935)), *aff'd without opinion*, 741 F.2d 1383 (11th Cir. 1984).

The issues raised by the motion to dismiss were submitted to the court for a decision based upon the parties' stipulations of fact and the briefs of counsel. The stipulations are recited in the court's order of July 20, 1989. Stipulation #2 provides: "Debtor has, at all times, disputed and denied all the operative facts concerning his liability for creditor's claim."

Debtor's motion reflects concern that the court may have misinterpreted this stipulation as relating only to the question of liability and not the amount of any liability. The debtor need not be concerned. In making its decision, the court interpreted this stipulation as referring to a dispute concerning the fact of liability as well as the amount of any liability. Consequently, the court understood or operated on the understanding that debtor not only denied and disputed whether or not he had an obligation to the movants but also the amount of any obligation and the accuracy of the amounts claimed due.

The fact that the court made no finding concerning the correctness or accuracy of the amounts claimed due or the audit conducted by the Indiana State Board of Accounts is immaterial. The court was not required to make such a finding. Indeed, to do so would be improper, given the preliminary nature of the court's inquiries when considering eligibility for Chapter 13 relief. *See In re Sylvester*, 19 B.R. 671, 673 (9th Cir.BAP1982). To require such a determination would transform an eligibility inquiry into a decision on the ultimate merits of the claim in question. This is not within the purpose or the scope of a motion to dismiss based upon § 109(e).

Given the preliminary nature of the court's inquiries for the purpose of determining Chapter 13 eligibility, the court's decision cannot and should not be interpreted as a determination that the amounts claimed due the movants are in fact correct or accurate. Instead, it means only that "the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Matter of Vaughn, supra*, 36 B.R. at 938 (citing C.T. McCormick, *supra*). That the debtor may wish or be able to challenge or controvert this evidence does not change the fact that it exists and is, potentially, capable of being believed. Our decision does not preclude the debtor from having the opportunity to do so. It means only that this opportunity must be exercised in a different forum or under the auspices of a different chapter of the Bankruptcy Code.

Debtor's arguments, in support of its motion, fail to properly distinguish between the role which judgment or discretion may play in determining the *amount* of liability and whether or not it is liquidated and the judgment or discretion which necessarily plays a role in determining the *fact* of liability. By doing so, it "has confused ascertainable damages with ascertainable liability...." *Floyd v. Jay County REMC*, 405 N.E.2d 630, 636 (Ind.App.1980).

Given the nature of the dispute between the parties, a considerable amount of judgment or discretion must and will play a role in determining whether or not the debtor has any liability to the movants. The facts concerning each one of a multitude of separate transactions and alleged misappropriations will have to be examined to determine whether or not the debtor did misappropriate monies. Nonetheless, once this question is answered "yes" or "no" as to each of these separate transactions, to determine the amount of the resulting liability will no longer require the exercise of judgment or discretion. Instead, it will be a

simple matter of computation, by adding up the various sums of money, if any, involved. *See Floyd v. Jay County REMC, supra,* 405 N.E.2d at 630. Such a process results in a liquidated, rather than an unliquidated, claim.

Ultimately, debtor's position reduces itself to the argument that a dispute concerning either the fact or the amount of liability renders a debt unliquidated for the purpose of § 109(e). This is clearly not the law. Instead, whether or not a claim is liquidated is determined by its underlying character, without regard to disputes concerning it. While we recognize that the debtor disputes both the existence and the extent of any liability to the movants, this does not change the nature of the claim. Despite the dispute, it remains liquidated.

Debtor's motion to alter or amend is therefore denied.