In re George R. JORDAN, Jr., Debtor.

Bankruptcy No. 93–20458.

United States Bankruptcy Court,
D. Maine.

Feb. 14, 1994.

Ralph W. Brown, Portland, ME, for debtor.

Peter C. Fessenden, Ranger, Fessenden, Copeland & Smith, Brunswick, ME, Trustee.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

The standing Chapter 13 Trustee ("the Trustee") has moved this Court to dismiss,[1] or in the alternative convert, this proceeding on the basis that the debtor George Jordan, Jr. (the "Debtor" or "Jordan") is ineligible for relief under Chapter 13 because the aggregate amount of Jordan's unsecured debt exceeds the statutory limit of $100,000 imposed by 11 U.S.C. § 109(e). As discussed below, this proceeding is dismissed.

Prior to commencement of this proceeding, the Debtor was employed by creditor Pioneer Plastics Corporation ("Pioneer"). In April, 1993 Pioneer began investigating allegations that Jordan misappropriated approximately $280,000. Subsequently, Jordan resigned from employment at Pioneer, and on April 22, 1993, Pioneer commenced a civil suit against Jordan to recover these funds. On June 14, 1993, this Chapter 13 proceeding was commenced, and Pioneer's civil action was stayed before a judgment could be rendered against Jordan.

The Trustee argues that Jordan is not entitled to relief under Chapter 13 because pursuant to 11 U.S.C. § 109(e) an individual with regular income may only be a debtor under Chapter 13 if he owes non-contingent, liquidated, unsecured debts that aggregate less than $100,000 on the date of the filing of

---

1. On February 9, 1994, this Court considered the debtor's motion for a Protective Order and Stay of Pending Proceedings. This Court, while granting a partial stay of pending proceedings, did not stay the instant motion.

the petition.[2] The Trustee contends that this $100,000 limit is exceeded because Schedule F of Jordan's bankruptcy petition lists Pioneer as a creditor with a disputed claim in the amount of $280,000. In addition, Pioneer has filed a proof of claim in the amount of $288,295.74.

 Jordan argues that because the Pioneer claim is disputed, it is not a "debt", and should not be counted toward the $100,000 limit. Specifically, he argues that because Section 109(e) refers to "debts" rather than to "claims," and because a debt is defined in 11 U.S.C. § 101(12) as a "liability on a claim," a claim that is disputed has not ripened into a debt and cannot be counted towards the statutory maximum.

This Court disagrees. The terms "debt" and "claim" are synonymous and refer to a single obligation as seen from the point of view of the debtor and creditor; a debtor has "debts" and a creditor has "claims." H.R.Rep. No. 595, 95th Cong., 2nd Sess. 310; *See* S.Rep. No. 989, 95th Cong., 2d Sess. 23, U.S.Code Cong. & Admin.News 1978, p. 5787. *See also, In re Rifkin,* 124 B.R. 626 (Bankr.E.D.N.Y.1991); *Matter of McGovern,* 122 B.R. 712 (Bankr.N.D.Ind.1989). Further, the vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt, does not automatically render the debt either contingent or unliquidated. *See e.g. In re Wenberg,* 94 B.R. 631 (9th Cir. BAP 1988) *aff'd* 902 F.2d 768 (9th Cir.1990); *In re Teague,* 101 B.R. 57 (Bankr.W.D.Ark.1989); *In re Pulliam,* 90 B.R. 241 (N.D.Tex.1988); *Matter of DeBrunner,* 22 B.R. 36 (Bankr.D.Neb. 1982); *In re Troyer,* 24 B.R. 727 (Bankr. N.D.Ohio 1982); *McGovern,* 122 B.R. at 714. *But see, In re Lambert,* 43 B.R. 913 (Bankr. D.Utah 1984). Thus, "so long as it is otherwise noncontingent and liquidated a claim should not be excluded from § 109(e) calculations merely because it is disputed." *McGovern,* 122 B.R. at 717, *quoting In re Williams,* 51 B.R. 249, 251 (Bankr.S.D.Ind. 1984).

A claim is liquidated "if the amount due can be readily ascertained either by reference to an agreement or by simple mathematics." *McGovern,* 122 B.R. at 715. A claim is contingent if "the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event ...." *In re Andrews,* 78 B.R. 420, 425 (Bankr.E.D.Pa.1987). In the instant case, Pioneer's claim is noncontingent and liquidated because all events giving rise to liability occurred pre-petition and the amount of the debt can be calculated. Because Jordan's unsecured debt exceeds $100,000, Jordan is ineligible for relief under Chapter 13 and this proceeding is dismissed.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

---

2.  Section 109(e) states in pertinent part: "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 ... may be a debtor under chapter 13 of this title".