**In re Russell P. VAUGHN, Debtor.**

**No. 01–13682–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

April 5, 2002.

Lawrence P. Sumski, Amherst, NH, Chapter 13 Trustee.

James S. LaMontagne, Sheehan, Phinney, Bass & Green, P.A., Manchester, NH, for Debtor.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the Chapter 13 Trustee's ("Trustee's") motion to dismiss or convert to Chapter 7 Russell P. Vaughn's ("Debtor's") bankruptcy case. Based upon the record before the Court and for the reasons set out below, the Court grants Trustee's motion and dismisses the Debtor's case because he does not meet the Chapter 13 eligibility requirements set forth in section 109(e) of the United States Bankruptcy Code (the "Code").[1]

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

On December 6, 2001, the Debtor filed for bankruptcy under Chapter 13. The Debtor listed unsecured claims totaling $615,313.22, plus two claims with "unknown" value, on Schedule F of his petition. A majority of these claims stem from lawsuits pending in the federal courts of Ohio and Michigan against the Debtor, Numismatic Investments of America, Inc. ("NIA"), the entity to which the Debtor served as a director and officer, and NIA's president (collectively "defendants"). The lawsuit filed by the Heminger Group[2], alleges two counts of RICO and Fraud against the Debtor individually and seeks recovery of non-refunded deposits for rare coins that were never delivered in the

---

1. Unless otherwise noted, all section references herein are to Title 11 of the United States Code.

2. The Heminger Group consists of the following Creditors:

| Creditor | Amount Listed in Schedule F |
|---|---|
| Anita Mouser | $ 23,825 |
| David and Ann Rutter | $ 60,000 |
| Gerard and Dollayne Weithman | $ 35,380 |
| Kenneth and Arlene Evans | $135,500 |
| Stephen and Phyllis Schlosser | $ 40,075 |
| Thomas and Marcia Heminger | $191,000 |
| **Total** | $485,780 |

amount of $485,780, plus treble damages and costs. The Palenshus lawsuit alleges three counts against the Debtor individually, RICO, Fraud and Conspiracy, and seeks recovery of non-refunded deposits in the amount of $120,000, plus tremble damages and costs. The Hoeschele lawsuit seeks to "pierce the corporate veil" to charge Debtor with fraud and to recover of the purchase price of the coins, plus costs and fees. Unlike the Heminger Group and Palenshus claims against him, the Debtor assigns an unknown value to the Hoeschele claim in Schedule F of his petition. The Debtor contends that all of the unsecured claims against him are contingent, unliquidated, and disputed.

### DISCUSSION

■ Section 109 provides that:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). Relevant to the Court's present inquiry, the § 109(e) dollar limits apply to unsecured debts that are noncontingent and liquidated as of the filing date. *Id.* In his motion, the Trustee argues that the Debtor's unsecured debt exceeds the $290,525 limit based on the debt amounts listed in the Debtor's schedules.[3] In response, the Debtor filed an objection, arguing that the Trustee erroneously included unliquidated amounts in his § 109(e) Chapter 13 eligibility calculation.

■ A debt is noncontingent "if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *In re Mans*, 2000 BNH 036, n. 3, 2000 WL 33679400 (2000) (quoting *Nicholes v. Johnny Appleseed of Washington (In re Nicholes)*, 184 B.R. 82, 88 (9th Cir. BAP 1995)). The Debtor does not dispute that all events giving rise to liability occurred pre-petition and are therefore noncontingent for purposes of § 109(e).

■ Whether debt is liquidated depends on " 'whether it is subject to ready determination and precision in computation of the amount due.' "[4] *In re Mitchell*, 255 B.R. 345, 360 (Bankr.D.Mass.2000) (quoting *In re Keenan*, 201 B.R. 263 (Bankr.S.D.Cal.1996) (internal quotation marks omitted)); *see also Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 304 (2nd Cir.1997); *Sylvester v. Dow Jones and Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1982) (holding that contract debts, even if disputed, are considered liquidated and tort claims are not); *In re Jordan*, 166 B.R. 201, 202 (Bankr. D.Me.1994) (quoting *Matter of McGovern*, 122 B.R. 712, 717 (Bankr.N.D.Ind.1989)

---

**3.** It is not premature for the Trustee to file his motion before the proof of claims deadline has expired. *See In re Mans*, 2000 BNH 036, 2, 2000 WL 33679400.

**4.** The Court notes that the First Circuit only accepted *arguendo* that a debt becomes liquidated in amount once reduced to judgment, in a case in which the Court determined that the Debtor was ineligible under § 109(e) be-

cause his debt had been adjudicated by a court of competent jurisdiction prior to his petition and "neither the prepetition adjudication itself nor the postpetition docketing of the judgment against [the debtor] violated the automatic stay...." *Elliott v. Papatones (In re Papatones)*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998).

(debt is liquidated if the amount "can be readily ascertained either by reference to an agreement or by simple mathematics")). A debt is subject to a ready determination when only a simple hearing is required, as compared to an extensive, contested evidentiary hearing. *FDIC v. Wenberg (In re Wenberg)*, 94 B.R. 631, 634 (9th Cir. BAP 1988). Further, if the debt amount is dependent upon a future exercise of discretion by a court and is not restricted by specific criteria, the debt is unliquidated. *See In re Mazzeo*, 131 F.3d at 304; *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir.1996).

In the present case, the Court does not need any further proceedings to determine the value of a majority of the Debtor's unsecured claims. The Debtor was able to value the claims against him and, since the underlying matter involves a contract dispute, there is a readily determinable figure relating to the value of what was delivered to the plaintiffs in the pending litigation and what they should have received as a result of the bargain struck with the defendants. In other words, the plaintiffs agreed to purchase coins and those plaintiffs did not receive all of their coins and are now collectively alleging violations of RICO, fraud and conspiracy. The difference between the bargain and what was received on that bargain are the amounts listed in the Debtor's schedules. There is also evidence that this figure, which already substantially exceeds the debt limitation in § 109(e), is actually higher than set forth in the Debtor's schedules because, at the hearing, Debtor's counsel indicated that the Heminger Group and Palenshus figures were derived from a calculation of single damages, and

not the potential treble damages that may be awarded.[5]

▮▮▮▮ Additionally, this Court concludes that " 'the concept of a liquidated debt relates to the amount of liability, not the existence of liability.' " *In re Mitchell*, 255 B.R. at 360 (quoting *United States v. Verdunn*, 89 F.3d at 802). Although the Debtor disputes whether he is liable on his unsecured debts stemming from the Michigan and Ohio law suits, the issue of whether a debtor is liable for a particular debt is separate from whether that debt is liquidated as of the filing date for purposes of § 109(e). *See Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1074–75 (9th Cir.1999) ("Even if a debtor disputes the existence of liability, if the amount of the debt is calculable with certainty, then it is liquidated for the purposes of § 109(e)."); *In re Sylvester*, 19 B.R. at 673 ("the fact the claim was disputed was not relevant for purposes of section 109(e), and the fact it was subject to defenses and counterclaims was likewise not relevant"); *In re Jordan*, 166 B.R. at 202 (holding disputed claim for misappropriation of funds is "noncontingent and liquidated because all events giving rise to liability occurred prepetition and the amount of the debt can be calculated"). As the Court in *In re Jordan* determined, " ...the existence of a dispute over either the underlying liability or the amount of a debt, does not automatically render the debt either contingent or unliquidated ... 'so long as it is otherwise noncontingent and liquidated a claim should not be excluded from § 109(e) calculations merely because it is disputed.' " *In re Jordan*, 166 B.R. at 202 (quoting *McGovern*, 122 B.R. at 717). Undisputed is not one of the terms used in the statute and to suggest that it is relevant to the determination of Chapter 13 eligibility

---

**5.** Although not applicable to the Court's present inquiry because the Court will not litigate the "veil piercing" claim brought by the Hoeschele lawsuit at this early stage, the Court also notes that two debts are not assigned a value in Debtor's schedules.

would render the distinctions made in § 109(e) meaningless, as almost all Debtors would introduce evidence of the disputed nature of claims against them in order to ensure that their debt amounts remain below the § 109(e) limitations. *See United States v. Verdunn*, 89 F.3d at 802. Accordingly, since the debt amounts listed in the Debtor's schedules are otherwise noncontingent and liquidated, the fact that they are disputed will not alter their applicability to the computation of the Debtor's unsecured debt for § 109(e) eligibility purposes.

### CONCLUSION

The Court finds that the Debtor is ineligible to file under Chapter 13 of the Code because the amount of his unsecured debts exceeds the statutory limits set forth in § 109(e). Accordingly, the Court hereby grants the Trustee's motion and dismisses Debtor's case without prejudice.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.