In re Raymond M. HUELBIG, Shawnn M. Huelbig, Debtors.

No. 01–10525.

United States Bankruptcy Court, D. Rhode Island.

Oct. 1, 2003.

Matthew McGowan, Salter, McGowan Sylvia & Leonard, Providence, RI, for Debtors.

Lynda L. Laing, Strauss Factor & Lopes, Craig Montecalvo, Rhode Island Attorney General's Office, Providence, RI, for Allstate Insurance Co.

John Boyajian, Boyajian Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

## ORDER GRANTING MOTION TO DISMISS

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is Allstate Insurance Company's (Allstate's) Motion to Dismiss the Huelbigs' Chapter 13 case, on the ground that their unsecured debt exceeds the limits proscribed in 11 U.S.C. § 109(e). The Debtors argue that Allstate's claim is unliquidated and therefore may not be counted in determining their eligibility for Chapter 13. For the reasons discussed below, I find, for jurisdictional purposes, that Allstate's claim is noncontingent and liquidated, and should be counted in determining the Debtors' eligibility for Chapter 13. Having said that, the Debtors clearly do not qualify for Chapter 13, and Allstate's Motion to Dismiss is GRANTED.

## BACKGROUND

During the early 1990s, Raymond Huelbig operated an auto body repair shop which did business with many insurance companies, including Allstate. In September 1999, Allstate filed a civil complaint in United States District Court in Providence against the Huelbigs and twenty other defendants, alleging Civil RICO violations, including a conspiracy to defraud Allstate out of $337,000 by filing false insurance claims, and on February 20, 2001, Raymond Huelbig plead *nolo contendere* to certain state criminal charges relating to fraudulent insurance claims. As part of the plea bargain, Huelbig received a ten year suspended sentence, with two years to serve in home confinement, and was ordered to pay restitution to Allstate in the amount of $2,480. On the same date as the plea, the Huelbigs filed a joint Chapter 13 case. During the course of these contentious proceedings, the Debtors have proposed two Chapter 13 plans, to which Allstate objected after conducting lengthy discovery. Allstate also filed a motion for relief from stay and for leave to continue its litigation against the Debtors in District Court.

It was at the hearing on confirmation of the Amended Plan that Allstate for the first time raised the issue of the Debtors' eligibility to proceed in Chapter 13. I ordered Allstate to forthwith file a Motion to Dismiss, so that the jurisdictional issue could be resolved before confirmation, and Allstate complied. The parties conducted discovery on the motion to dismiss, many legal skirmishes ensued, and a great deal of time elapsed with almost no prospect of resolving the matter in this Court, within a reasonable time. In December 2001, after concluding that the motion to dismiss was heavily intertwined with the District Court litigation, and also out of exasperation, I granted Allstate's motion for relief from stay and allowed the parties to proceed

with the District Court litigation. In March 2002, with no discernable progress in either court, I reversed field again, vacated my order granting Allstate relief from stay, restarted the bankruptcy proceedings, and ordered the parties to complete discovery, expeditiously, in the Bankruptcy Court on the dismissal motion. The parties filed extensive briefs, have stipulated to most of the relevant facts, and non-evidentiary hearings were held on March 25, 2003, and April 10, 2003. With much ado, and after an inordinate amount of time having been imprudently spent in this matter, the issue, notwithstanding all of the Huelbigs' arguments to the contrary, boils down to the single question—Is Allstate's claim liquidated for purposes of Chapter 13 eligibility?

### DISCUSSION

 109(e) provides:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $269,250 and noncontingent, liquidated, secured debts of less than $807,750, or an individual with regular income and such individual's spouse, ... that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $269,250 and noncontingent, liquidated, secured debts of less than $807,750 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (West Feb. 2001). Together with Allstate's claim of $330,505, the Debtors have unsecured debts totaling $357,469. If Allstate's claim is either contingent or, to the extent that it is unliquidated, it would not count towards the Section 109(e) debt limit, and the Debtors would be entitled to proceed in Chapter 13.

"*Debt*" is defined by the Code as "liability on a claim," and *claim* is defined as a

"right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. §§ 101(12) & 101(5)(A).

"The terms 'debt' and 'claim' are coextensive: a creditor has a 'claim' against the debtor; the debtor owes a 'debt' to the creditor." S.Rep. No. 989, 95th Cong., 2d Sess. 23, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5809; H.R.Rep. No. 595, 95th Cong., 2d Sess. 310, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6267. Any lingering dispute over the matter was put to rest when the Supreme Court held that the terms "claim" and "debt" have the same meaning within the context of bankruptcy. *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 558–59, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990).

*In re Dow Corning Corp.,* 215 B.R. 346, 357 (Bankr.E.D.Mich.1997).

[2] not conceding the issue, the Debtors do not seriously contest that Allstate's debt is noncontingent. The case law uniformly holds that "if all events giving rise to liability occurred prior to the filing of the bankruptcy petition," the debt is not contingent. *In re Keenan,* 201 B.R. 263, 264 (Bankr.S.D.Cal.1996); *In re Mitchell,* 255 B.R. 345, 359–60 (Bankr. D.Mass.2000). Here there is no dispute that all events giving rise to the Debtors' liability occurred in the 1990s, well before the petition was filed. The dispositive question is whether the claim is liquidated.

[3] █ claim is liquidated if it is subject to "ready determination and precision in computation of the amount due." *In re Sylvester,* 19 B.R. 671, 673 (9th Cir. BAP 1982), *quoting In re Bay Point Corp.,* 1 B.C.D. 1635 (Bankr.D.N.J.1975). A variety of tests have evolved to ascertain

724

whether a debt is subject to ready determination or is readily calculable. One court has suggested that if a precise computation can be accomplished after a simple hearing, the debt is liquidated; however, if an extensive, contested evidentiary hearing is required, the debt should be treated as unliquidated. *See Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073–74 (9th Cir.1999). The Bankruptcy Appellate Panel for the Eighth Circuit has stated: "The key factor in distinguishing liquidated from unliquidated claims is *not* the extent of the dispute nor the amount of evidence required to establish the claim, but *whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard.*" *In re Barcal*, 213 B.R. 1008, 1014 (8th Cir. BAP 1997) (emphasis in original). Recently, the Ninth Circuit Bankruptcy Appellate Panel clarified its approach, requiring courts to consider the debtor's liability on a debt as part of the process in determining whether a debt is liquidated. *Ho v. Dowell (In re Ho)*, 274 B.R. 867, 872–75 (9th Cir. BAP 2002).

Not surprisingly, the Debtors urge the approach used in *Ho*, i.e., to consider the issue of the Debtors' liability to determine whether the claim is liquidated. Because they deny liability so loudly, the Debtors argue that an extensive hearing would be required to determine whether Allstate's claim is liquidated. As further proof of the magnitude of this dispute, the Debtors point out, with little relevance, that Allstate's District Court complaint consists of 108 pages, 342 numbered paragraphs, and weighs in at over one pound, even without the voluminous exhibits.

■ I decline the Debtors' invitation to adopt the 9th Circuit BAP approach and to take into account the issue of liability in determining whether or not this claim is liquidated. Considering liability in this

context has been widely criticized, and is followed by only a few courts. A noted Chapter 13 commentator has stated: "Including consideration of disputed liability to determine whether a debt is liquidated is confusing and has been appropriately criticized." K. Lundin, *Chapter 13 Bankruptcy, 3d ed.* § 16.1 at 16–8 (2002). In *In re Mitchell,* Judge Feeney quoted with approval the Second Circuit Court of Appeals' analysis on the subject:

A few courts have held that the existence of a dispute, without more, is sufficient to render a claim unliquidated. *See, e.g., In re Lambert*, 43 B.R. 913, 921 (Bankr.D.Utah 1984) (stating that a dispute as to liability renders the entire debt unliquidated, and that a dispute as to a particular amount renders the disputed amount unliquidated); *In re King,* 9 B.R. 376, 378 (Bankr.D.Or.1981) (stating that "a debt is not liquidated if there is a substantial dispute regarding liability or amount"). The "overwhelming body of precedent," however, is to the contrary. *United States v. Verdunn,* 89 F.3d at 802 n. 9 ("Most courts have concluded ... that disputed debts are included in the calculation of the amount of debt for [Chapter 13] eligibility purposes.... [T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt does not automatically render the debt either contingent or unliquidated." (internal quotation marks omitted)). We agree with the majority position. The Code uses both "unliquidated" and "disputed" in its definition of "claim"; to rule that a claim (and hence the debt with which it is coextensive) is unliquidated whenever it is disputed would be to render the term "unliquidated" mere surplusage. Such an interpretation would also allow a debtor, simply by characterizing certain claims as disputed, to ensure his eligibil-

ity to proceed under Chapter 13 in circumstances that Congress plainly intended to exclude from that chapter. We conclude that effect must be given to both terms, and we agree with the Eleventh Circuit that "the concept of a liquidated debt relates to the amount of liability, not the existence of liability." *United States v. Verdunn*, 89 F.3d [799] at 802.

*In re Mazzeo*, 131 F.3d 295, 304–05 (2nd Cir.1997); *Mitchell*, 255 B.R. at 360. Judge Feeney also concluded that: "the amount of [the creditor's claims] are readily calculable. Therefore, the claims are liquidated regardless of whether the Debtors dispute the liability. This Court specifically rejects the reasoning of the court in [*In re Lambert*, 43 B.R. 913 (Bankr. D.Utah 1984)] as it represents a discredited minority view." *Id.*

Allstate has appended to its proof of claim a list of checks which were funds paid on putative fraudulent claims made by alleged co-conspirators, including the Debtors. While it concedes that liability is vigorously denied, Allstate argues that the dollar amount of its claim may be calculated by simple arithmetic. Following those courts which have so held in similar situations, I also rule here that the claim is liquidated, and that it should be counted in determining the Debtors' eligibility for Chapter 13. *See In re Vaughn*, 276 B.R. 323 (Lawsuits were pending in federal district court against the debtor alleging RICO violations, conspiracy, and fraud, based on the debtor's failure to tender rare coins to purchasers after accepting non-refundable deposits. Purchasers were seeking in excess of $600,000 plus treble damages and costs, and the bankruptcy judge found the debt to be liquidated, notwithstanding the fact that the debtor disputed his liability on these claims); *In re Sitarz*, 150 B.R. 710 (Bankr.D.Minn.1993) (Claim for fraud against the debtor is liqui-

dated where a trial exhibit containing false credit card charges and unauthorized checks written by the debtor allowed for simple computation, although the process would be lengthy).

For the foregoing reasons, I find and/or conclude that the Debtors' unsecured debts exceed $269,250, and GRANT Allstate's Motion to Dismiss.

In the interest of financial and judicial economy, I will treat the record as though the Debtors have sought a stay pending appeal and deny that request, to allow the Debtors to proceed directly to the U.S. District Court to seek such relief, or to the Bankruptcy Appellate Panel, if they so desire.

Enter judgment consistent with this order.