United States Court of Appeals,

Eleventh Circuit.

No. 95-2614.

UNITED STATES of America, Plaintiff-Appellant,

v.

Thomas B. VERDUNN, Defendant-Appellee.

July 31, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-2001-CIV-T-17C), Elizabeth A. Kovachevich, Chief Judge.

Before KRAVITCH and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

In this case we decide whether a debtor's federal income tax liabilities and penalties, asserted by the Commissioner of the Internal Revenue Service (Commissioner) in a statutory notice of deficiency and the subject of dispute in a Tax Court petition filed by the debtor, are liquidated unsecured debts for Bankruptcy Code Chapter 13 eligibility purposes. The bankruptcy court concluded they were not. The district court affirmed. We disagree and reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Commissioner issued a deficiency notice[1] to Thomas B.

---

[1]Once a taxpayer's return is chosen for examination, a series of events occur, culminating in the issuance of a statutory notice of deficiency. Treas.Reg. § 601.106(d)(2)(ii). The notice sets forth the Commissioner's adjustments to the taxpayer's return and the bases for calculating the deficiencies and penalties. *See* I.R.C. § 6211(a). It also informs the taxpayer that, before making any payment, he or she may contest the Commissioner's determination by petitioning the United States Tax Court for a redetermination. *See* I.R.C. §§ 6212(a), 6213(a).

Verdunn claiming income tax deficiencies, interest, and penalties for 1982-1986. Verdunn filed a petition in the Tax Court declaring that these claims were erroneous. One month prior to the date set for the Tax Court trial, Verdunn filed a voluntary petition for relief under Chapter 13 with the bankruptcy court.[2] Commissioner filed a proof of claim in the bankruptcy proceeding, claiming $297,000 in total unsecured debts. On the ground that Verdunn's unsecured debts exceeded the $100,000 Chapter 13 eligibility limits,[3] the Commissioner objected to confirmation of the proposed Chapter 13 plan and moved to dismiss the bankruptcy petition. The bankruptcy court found that, inasmuch as Verdunn disputed his tax liabilities, and, inasmuch as his underpayment of taxes was alleged to be entirely due to fraud (with the Commissioner bearing the burden of proof), the tax debts were unliquidated. It denied the Commissioner's motion to dismiss and confirmed Verdunn's Chapter 13 plan. The bankruptcy court lifted the automatic stay to allow the Tax Court litigation to proceed.[4]

---

[2]In accordance with the automatic stay provisions, the Tax Court suspended the proceedings before it. 11 U.S.C. § 362(a)(8).

[3]For purposes of this appeal, the debt limit is $100,000. 11 U.S.C. § 109(e) (1988). For cases filed after October 22, 1994, the debt limit is $250,000. *See* 11 U.S.C. § 109(e), *as amended by* § 108(a) of the Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, 108 Stat. 4106.

[4]Shortly thereafter, the Tax Court issued a memorandum opinion, sustaining the Commissioner's determination of tax deficiencies in full, finding that each of Verdunn's returns for 1982-1985 were fraudulent, and that nearly three-quarters of the underpayment amounts for those years were attributable to fraud. The Tax Court also sustained the Commissioner's determination of substantial underpayment (1982-1985), delinquency (1986), and negligence penalties (1986). *Verdunn v. Commissioner,* 69 T.C.M. (CCH) 2142, 1995 WL 118772 (1995).

The Commissioner appealed the bankruptcy court's order to the district court.[5] The district court affirmed the bankruptcy court. This appeal followed.[6]

## II. STANDARD OF REVIEW

The proper construction of the bankruptcy code by a bankruptcy court or a district court is a matter of law. The interpretations are subject to *de novo* review. *In re Haas,* 48 F.3d 1153, 1155 (11th Cir.1995), *citing In re Colortex Industries, Inc.,* 19 F.3d 1371, 1374 (11th Cir.1994) and *In re Taylor,* 3 F.3d 1512, 1514 (11th Cir.1993).

## III. DISCUSSION

*A. The Bankruptcy Statute—Section 109(e)*

For purposes of this appeal, the eligibility requirements of Chapter 13 provide that:  "Only an individual with regular income that owes, on the date of the filing of the petition, *noncontingent,*[7] *liquidated, unsecured debts of less than $100,000* ... may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e) (1988) (emphasis added).[8]

---

[5]Fed.R.Bankr.P. 8002(a) & (b);  28 U.S.C. § 158(a).

[6]*See* 28 U.S.C. §§ 158(d), 1291.

[7]Verdunn concedes that his tax liability is noncontingent. *See In re Knight,* 55 F.3d 231, 236 (7th Cir.1995) (a debt is noncontingent if all events giving rise to a debtor's liability occurred prior to the filing of the bankruptcy petition);  *see also In re Loya,* 123 B.R. 338, 340 (9th Cir. BAP 1991).

[8]"The eligibility criteria set forth in respect to this provision are specific and restrictive, with monetary amounts established to govern eligibility....  The dollar limits on both categories of debts, unsecured and secured, apply only to debts that are noncontingent and liquidated at the crucial petition filing time."  2 *Collier on Bankruptcy,* § 109.05 (1989).

*B. The Orders Interpreting Section 109(e)*

The bankruptcy court found that:

Generally, a determination that there is a tax due is prima facie evidence of tax liability. I.R.C. § 7481(d); *Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 290-91, 79 L.Ed. 623 (1935). [Verdunn] must prove by [the] preponderance of the evidence that the tax liabilities and interest on those liabilities are incorrect. In contrast, the [Commissioner] must prove by the preponderance of the evidence [that the] tax fraud liabilities are correct. I.R.C. § 7454. The taxes as expressed in the [Commissioner's] proof of claim are all, with the exception [of the tax year] 1986, based on tax fraud. There is a dispute as to the character and nature of these claims in which the [Commissioner] will have the burden of proof. Although [Verdunn] has filed income tax returns for the years in question, the tax liabilities are not readily determinable from the documents before the Court and therefore they are deemed unliquidated.

The district court affirmed the bankruptcy court stating that:

It is an undisputed fact that [Verdunn] vigorously disputed the penalties which the [Commissioner] sought to levy against him based upon alleged civil fraud, understatement of income, negligence and delinquency in filing income tax returns and had filed a petition for determination with the United States Tax Court. In this dispute as to the character and nature of the claims, [the Commissioner] has the burden of proof. I.R.C. § 7454. Although set for trial, the Tax Court had not rendered a determination as of the date of the [bankruptcy] petition regarding [Verdunn's] tax liability. Therefore, [Verdunn] now argues, and this Court agrees, that the amount of the tax liability was not readily ascertainable from the information before the bankruptcy court and were properly excluded as "not readily determinable" and "unliquidated" debts when eligibility to proceed under § 109(e) of the Bankruptcy Code was determined.

Both the bankruptcy court and the district court concluded that the debts were unliquidated under section 109(e) as the amounts: (1) were not readily determinable; (2) were in dispute;[9]

---

[9]The overwhelming body of precedent is contrary to this conclusion. *See In re Knight,* 55 F.3d 231, 234 (7th Cir.1995) ("In light of the virtual synonymy of "debt' and "claim,' ... we conclude that a disputed claim is a debt to be included when calculating the § 109(e) requirements."); *see* 1 *William I. Norton, Jr., Bankruptcy Law & Practice* § 18:12 (2d ed. 1994) at 18-43 ("Most courts have concluded ... that disputed debts are

and (3) were alleged to be entirely due to fraud, with the Commissioner bearing the burden of proof as to the fraud penalties.[10] We limit our discussion, *infra* part IV.C., to the first conclusion. *See also supra* notes 9-10 and accompanying text.

*C. Liquidated Debt for Purposes of Section 109(e)*

*Black's Law Dictionary* defines a liquidated debt as one where it is certain what is due and how much is due.[11] *Black's Law Dictionary* 930 (6th ed. 1990). A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law. *Id.* Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability. *See In re McGovern,* 122 B.R. 712, 715

---

included in the calculation of the amount of debt of eligibility purposes."). The fact that Verdunn contests the Commissioner's claim does not remove it as a claim under section 109(e) or render it unliquidated. *Knight,* 55 F.3d at 235; *In re Jordan,* 166 B.R. 201, 204 (Bankr.D.Me.1994) ("[T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt does not automatically render the debt either contingent or unliquidated."); *accord Vaughn v. Central Bank of the South,* 36 B.R. 935, 938 (N.D.Ala.), *aff'd,* 741 F.2d 1383 (11th Cir.1984); *see also Norton, supra,* at 18-48 ("If the amount of a claim has been ascertained or can readily be calculated, it is liquidated—whether contested or not.").

[10]This conclusion is misplaced for two reasons: (1) The concept of liquidation for purposes of section 109(e) relates only to the amount of liability not the existence of liability. *See* discussion *infra* part IV.C. The burden of proof issue is relevant to the existence of Verdunn's liability, not the amount of liability asserted. *Id.* (2) Notwithstanding, while the Commissioner has the burden of proof in Tax Court as to fraud penalties, Verdunn has the burden of proof as to the amount of his tax liability (excluding fraud penalties). This sum alone exceeds $100,000.

[11]The terms liquidated debt or unliquidated debt are not defined in the bankruptcy code. *See Norton, supra,* § 18:12 at 18-43 (neither the Bankruptcy Code nor its legislative history defines "contingent" and "liquidated").

(Bankr.N.D.Ind.1989); *see also C. McCormick, Handbook on the Law of Damages,* § 54 at 213 (1935).[12]  If the amount of the debt is dependent, however, upon a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.  *See* 1 *T. Sedgwick, Measure of Damages,* § 300 at 570 (9th ed. 1912).[13]

Verdunn maintains that his tax liabilities were not liquidated debts on the petition date because:  the notice of deficiency was insufficient to enable a court to readily ascertain the amount of his debt to the United States;  he vigorously disputed the fraud penalties asserted by the Commissioner;  and extensive and contested evidentiary hearings before the Tax Court were necessary in order to determine his tax liability.[14]

The Commissioner contends that a notice of deficiency is analogous to a contract, *i.e.,* it furnishes data that, if believed, make it possible to compute the amount of the claims without reliance upon opinion or discretion.  *See McCormick, supra* at 213. He contends that, similar to a contract, the function of a notice of deficiency is to specify the amount of the tax liability

_____

[12]Examples of liquidated claims are claims upon promises to pay a fixed [or determinable] sum, claims for money paid out, and claims for goods or services to be paid for at an agreed rate. *McCormick, supra* at 213.

[13]"For an example, we may take the case of a claims for damages for personal injury resulting from assault and battery, or a case of seduction, or libel.  Here the elements from which to ascertain the amount of the demand are wholly at large.  The defendant has no means of knowing in advance of proof what the precise pecuniary damage had been, still less what should be allowed for pain and suffering.  Even the plaintiff, short of an assessment of damages by a jury, cannot give him the necessary information.  Down to the time of verdict the claim is entirely unliquidated."  *T. Sedgwick, supra* at 570.

[14]*See supra* note 9 and accompanying text.

determined by the Commissioner and enable the taxpayer to petition the Tax Court for a redetermination of a deficiency. *See* I.R.C. §§ 6212(a), 6213(a); *Hempel v. U.S.,* 14 F.3d 572, 578 (11th Cir.1994); *Benzvi v. Commissioner,* 787 F.2d 1541, 1542 (11th Cir.1986). Further, the Commissioner argues that as the amount of the debt is ascertainable through the application of fixed legal standards, it is a liquidated debt, *i.e.,* the deficiency determination is based on criteria established in the Internal Revenue Code, *see* I.R.C. § 6211(a), and the bases for calculating the underpayment and penalties are set forth in the notice. *See, e.g., In re Madison,* 168 B.R. 986, 990 (D.Hawai"i 1994) (a deficiency notice itemizes the amounts of the taxpayer's liabilities); *In re Lamar,* 111 B.R. 327 (D.Nev.1990).

In support of this analysis, the Commissioner cites the Seventh Circuit's recent decision in *In re Knight,* 55 F.3d 231 (7th Cir.1995). *Knight* involved a debtor, the town court judge of Mooresville, Indiana, who was required, and failed, to report a total of 915 traffic convictions to the Indiana bureau of motor vehicles, at a ($100 per incident) civil penalty cost of $91,500.[15] The state attorney general issued a demand letter for payment. The debtor filed for Chapter 13 relief. The bankruptcy court, affirmed by the district court, dismissed the bankruptcy petition on the ground that the debtor's outstanding liabilities exceeded the limit established in section 109(e). The Seventh Circuit agreed. Rejecting the debtor's argument that the claim was not liquid

---

[15]This sum, together with a second claim, totalled $108,949.50, and placed the debtor above the $100,000 eligibility limit.

because he disputed the underlying liability, the court held that the amount of the claim was readily ascertainable because it was fixed in the state's demand letter and could be calculated from the relevant state statute.  *Id.* at 235.

Under a *de novo* review, our case is indistinguishable from the *Knight* case.  Like the relevant state statute in *Knight*, established Internal Revenue Code criteria were used to calculate Verdunn's tax debt.  Like the demand letter in *Knight,* the amount of Verdunn's tax liability was evident from a document, the statutory notice of deficiency.  *See e.g., McCormick, supra,* at 213; *Sedgwick, supra,* at 570.  Like the $91,500 sum in *Knight,* the amount of Verdunn's $297,000 deficiency was easily ascertainable, *i.e.,* it was computed through the application of fixed legal standards set forth in the tax code.  *Id.*

We conclude, therefore, like the penalties for failing to report traffic offenses in *Knight,* Verdunn's federal income tax liabilities and penalties, as asserted, were liquidated unsecured debts to be included in the section 109(e) eligibility calculation. As the bankruptcy and district courts improperly excluded these claims from the computation, Verdunn is ineligible for Chapter 13 relief and his petition should be dismissed.

## IV. CONCLUSION

For the reasons stated above, we conclude that Verdunn's federal income tax liabilities and penalties were noncontingent, liquidated, unsecured debts on the date he filed his bankruptcy petition, that they exceeded the pertinent statutory limitation at the time, and made him ineligible for relief under Chapter 13.  The

district court order affirming the bankruptcy court is REVERSED and this case is REMANDED WITH INSTRUCTIONS that it be returned to the bankruptcy court for dismissal.

REVERSED and REMANDED WITH INSTRUCTIONS.