**In re Richard H. MACLEAN, Jr., Debtor.**

**Bankruptcy No. 96–0763–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 6, 1996.

Richard H. Maclean, Jr., pro se.

Richard A. Palmer, Trustee, New York City.

Karen Gable, Assistant United States Attorney, Orlando, FL, for U.S.A.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Trustee's Motion to Dismiss Case for Debtor's Failure to Comply with the Requirements of the Order Establishing Duties of Trustee and Debtor, and Confirmation Procedures, Ordering Debtor's Compliance, Allowing Administrative Expenses and Ordering Adequate Protection Payments (Doc. 33). Appearing before the Court were Debtor, Richard H. Maclean, Jr., pro se; Richard A. Palmer, the Trustee; Karen Gable, Assistant United States Attorney, counsel for the Internal Revenue Service; Philip Storey, counsel for SunTrust Bank, Central Florida, N.A.; and Gary Lublin. After reviewing the motion and response, and hearing argument on the matter, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Richard H. Maclean, Jr. ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on February 8, 1996. 11 U.S.C. § 101 *et seq.* The Court entered an Order Establishing Duties of Trustee and Debtor, and Confirmation Procedures, Ordering Debtor's Compliance, Allowing Administrative Expenses, and Ordering Adequate Protection Payments ("Duties Order") on February 9, 1996. The Duties Order required the Debtor to file with the appropriate agency any delinquent federal or state tax returns within thirty days of the date of the Order. In addition, the Order commanded the Debtor to simultaneously provide a copy of the tax returns to the Chapter 13 trustee. The Debtor filed his Schedules and Statement of Affairs on February 26, 1996. On Schedule I, the Debtor identified his occupation as electronics but indicated that he had no employer. The Debtor listed his current monthly gross wages, salary, and commissions as totalling $2,500.00. This schedule also shows that the Debtor receives an additional $866.00 from "software/repair/printing." On his Statement of Affairs, the Debtor listed his gross income received from employment, trade, or profession, or from operation of business for the present year and previous years as $3,133.00 and $5,033.00. The Debtor filed his Chapter 13 plan on February 26, 1996.

The Debtor failed to file tax returns for the year 1995 within the thirty day required by the Duties Order. The Trustee filed a Motion to Dismiss Case for Debtors' Failure to Comply with the Requirements of the Order Establishing Duties of Trustee and Debtor, and Confirmation Procedures, Ordering Debtor's Compliance, Allowing Administrative Expenses and Ordering Adequate Protection Payments. On June 7, 1996, the Court entered an Order of Impending Dismissal based on the Debtors' failure to comply with the Duties Order stating that it may enter an order dismissing the case without further notice or hearing unless the Debtor filed the required items within fifteen days or filed a notice of conversion pursuant to 11 U.S.C. § 1307(a).

The Debtor filed a document entitled "Refusal for Cause/Order of Impending Dismissal" and a "Motion to Strike/Motion to Dismiss." The Trustee filed a response to the Order of Impending Dismissal on June 25, 1996 requesting that the Court proceed with the dismissal for the Debtor's failure to comply.

The Court held a hearing on the Trustee's motion and the Debtor's response on July 30, 1996. As of the hearing date, the Debtor still had failed to file the tax returns for the year 1995 as required by the Court's Duties Order. The Court issued an oral ruling that it was dismissing the case and entering a 180–day injunction enjoining the Debtor from

filing for relief under Title 11 of the United States Code.

### CONCLUSIONS OF LAW

Section 1307(c) of Title 11 provides that upon the request of a party in interest or the United States trustee, a court may dismiss a case under this chapter for cause and lists a number of bases for dismissal. 11 U.S.C. § 1307(c). Although lack of good faith is not enumerated as a specific basis for dismissal, courts have recognized lack of good faith as sufficient cause for dismissal of a Chapter 13 case. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *In re Stathatos,* 163 B.R. 83, 87 (N.D.Tex.1993); *In re Powers,* 135 B.R. 980, 990 (Bankr.C.D.Cal.1991); *Ekeke v. United States,* 133 B.R. 450, 452 (S.D.Ill.1991) (stating that by the terms of § 1307(c), the enumerated causes of § 1307(c) are not exhaustive).

In filing bankruptcy, the Debtor has sought this Court's protection from creditors. However, the Debtor has continued to ignore this Court's Duties Order to file tax returns. The Court finds that the Debtor's failure to file tax returns for the year 1995 demonstrates the Debtor's lack of good faith.

Based on the Debtor's failure to comply with the Court's Duties Order and the Debtor's lack of good faith, the Trustee's Motion to Dismiss Case for Debtor's Failure to Comply with the Requirements of the Order Establishing Duties of Trustee and Debtor, and Confirmation Procedures, Ordering Debtor's Compliance, Allowing Administrative Expenses and Ordering Adequate Protection Payments is due to be granted. Pursuant to 11 U.S.C. § 109(g), the Debtor shall be enjoined from filing for relief under Title 11 of the United States Code for a period of 180 days from the date of the entry of the Court's accompanying Order.