In re Susan E. HOUNSOM, Debtor.

No. 02–02008–BKC–3P3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 2, 2003.

Susan E. Hounsom, New Smyrna Beach, FL, pro se.

Mamie L. Davis, Jacksonville, FL, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON AMENDED MOTION OF UNITED STATES TO DISMISS BANKRUPTCY CASE

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon the Government's Amended Motion to Dismiss Bankruptcy Case pursuant to 11 U.S.C. § 1307(c) and 11 U.S.C. § 109(e). After a hearing on April 29, 2003 the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Debtor's bankruptcy case was filed on March 5, 2002.

2. The Internal Revenue Service filed a proof of claim for unpaid federal income taxes in the total amount of $350,951.94, which were all properly classified as unsecured claims.

3. On March 24, 2003, the IRS amended the proof of claim of Debtor's 1999 and 2000 tax years. The amended proof of claim shows the Debtor has $499,137.76 in income tax liabilities properly classified as unsecured, and $420,107.46 which is classified as an unsecured priority claim.

4. The income tax liabilities on the amended proof of claim resulted from Debtor's extensive real estate business, which includes hotel properties and rental real estate holdings.

5. The IRS issued a statutory notice of deficiency for all of Debtor's tax liabilities for tax years 1996, 1997 and 1998.

6. The Debtor objected to the IRS proof of claim on the ground that the amounts of the tax liabilities set forth in the proof of claim were too high or were estimates.

7. Debtor failed to report substantial amounts of real property on her schedules in which she had, either directly or through various corporations, a substantial ownership interest.

### CONCLUSIONS OF LAW

#### 11 U.S.C. § 1307(c)

■ Pursuant to section 1307(c) of the Bankruptcy Code the government moves to dismiss Debtor's bankruptcy case for lack of good faith in filing the petition. § 1307(c) provides the bankruptcy court may convert a Chapter 13 case to a Chapter 7 case or may dismiss a Chapter 13 case, "whichever is in the best interest of creditors and the estate, for cause ...." *In re Eisen,* 14 F.3d 469, 470 (9th Cir. 1994) ("A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c)."); *In re Maclean,* 200 B.R. 417, 419 (Bankr.M.D.Fla.1996).

Although Debtor did not include, on her bankruptcy schedules, a substantial portion of the real property in which she held an ownership interest, the Court finds Debtor did not have a clear understanding of the requirements governing her obligation to report property of the estate. Therefore, the Court finds the Debtor did not intentionally misrepresent facts or engage in egregious acts in bad faith so as to require dismissal of her bankruptcy case pursuant to 11 U.S.C. § 1307(c).

#### 11 U.S.C. § 109(e)

■ The government also moves to dismiss Debtor's bankruptcy case pursuant to 11 U.S.C. § 109(e) of the Bankruptcy Code. § 109(e) provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 ... may be a debtor under Chapter 13 of this title." However, the Adjustment of Dollar Amount notes set out under § 109(e) and 11 U.S.C. § 104, state that the new adjusted dollar

amount under § 109(e) effective April 1, 2001, is $290,525.00, by notice dated February 20, 2001, 66 F.R. 10910.

■ It is the *amount* due, not whether it is actually owed, that determines whether a debt is "liquidated" for purposes of § 109(e). *United States v. Verdunn,* 89 F.3d 799 (11th Cir.1996). In *Verdunn,* the debtor's federal income tax liabilities totaled $297,000. *Id.* at 800. Accordingly, the Eleventh Circuit held that the debtor was ineligible for relief under Chapter 13.

In the instant case, the government asserts that all of the disputed liabilities set forth on the amended proof of claim are income tax debts that were the subject of audit examinations, and that the debts are properly classified as unsecured priority and unsecured general claims. Further, the government argues the debts are (1) noncontingent because all events giving rise to the liabilities have already occurred and (2) are liquidated because they were "computed through the application of fixed legal standards set forth in the tax code." *Id.* at 803.

Debtor argues, however, that she met the eligibility limits under section 109(e) because the disputed IRS debts were actually secured rather than unsecured. Further, Debtor maintains the IRS liens arose, after demand for payment by the IRS was issued, pursuant to Internal Revenue Code § 6321.

■ A disputed claim is to be included when calculating § 109(e) eligibility requirements. *Verdunn,* 89 F.3d at 802. In response to Debtor's argument, the government asserts the statutory notice of deficiency issued to the Debtor with respect to the 1996, 1997 and 1998 tax years is not a demand for payment but a notice of a deficiency giving Debtor the right to challenge the determination in the United States Tax Court. Additionally, the government asserts, the IRS has not yet assessed any of the Debtor's tax liabilities for tax years 1996 through 2000 because the Debtor halted the assessment process for tax years 1996 through 1998 by seeking a redetermination of her tax in Tax Court. I.R.C. § 6213(a). Finally, with respect to the Debtor's federal income tax debts for the 1999 through 2000 tax years, the government asserts the IRS simply issued a Revenue Agent's Report (Gov't Ex. 4) proposing assessments for these years. However, the IRS has not yet made assessments or even issued a statutory notice of deficiency to the debtor for tax years 1999 through 2000.

"[T]hat [a debtor] contests the [IRS's] claim does not remove it as a claim under section 109(e) or render it unliquidated." *Verdunn,* 89 F.3d at 802. Based upon binding case law and the arguments set forth by the government the Court finds that the Debtor's liabilities are noncontingent, liquidated, unsecured and exceed $290,525.00 as of the date the petition was filed.

## CONCLUSION

Based upon the foregoing, the Court holds the Debtor is ineligible for Chapter 13 relief. Accordingly, the Government's Amended Motion to Dismiss Debtor's Bankruptcy Case is granted pursuant solely to 11 U.S.C. § 109(e). The Court will enter a separate order consistent with these Finding of Fact and Conclusions of Law.