**In re Brian Keith LEGGETT, Debtor.**

**No. 05–67603.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 19, 2005.

Leon S. Jones, Jones & Walden, LLC, Atlanta, GA, for Debtor.

Jeffrey S. York, R. Eric Bilik, McGuire Woods LLP, Jacksonville, FL, Douglas M. Foley, Daniel F. Blanks, McGuire Woods LLP, Norfolk, VA, for CSX Transportation, Inc.

## ORDER GRANTING MOTION TO DISMISS

PAUL W. BONAPFEL, Bankruptcy Judge.

CSX Transportation, Inc. ("CSXT") has moved to dismiss the Debtor's chapter 13 case or to convert it to chapter 7 on the ground that the Debtor's unsecured debts exceed the $307,675 limit for chapter 13 relief under 11 U.S.C. § 109(e) because of its claim in excess of $1.9 million against the Debtor and others that is pending in the District Court. The Debtor contends that, due to his dispute with CSXT in the ligation, the claim is contingent and unliquidated such that it does not count for purposes of § 109(e).

Based on the contention that the claim would be nondischargeable in a chapter 7 bankruptcy case and other factors, CSXT alternatively seeks dismissal or conversion of the case because it was filed in bad faith. The Chapter 13 Trustee objects to confirmation of the Debtor's plan and also seeks dismissal or conversion. The Debtor argues that good faith is a question that should be determined in connection with confirmation under 11 U.S.C. § 1325(a)(3), not on a motion to dismiss.

The parties agreed that the Court should determine whether CSXT's motion should be granted before proceeding with a confirmation hearing. For reasons set forth below, the Court will dismiss the case.

CSXT's claim arises from its retention of the Debtor's companies, B & L Financial, Inc., and B & L Financial Services, Inc. (collectively, "B & L"), to collect certain accounts receivable. CSXT sued the B & L entities, the Debtor, his wife, and another entity controlled by the Debtor, Capital Financial Holdings, Inc., alleging that they had collected receivables but had not remitted the proceeds to CSXT. A special master determined, in factual findings (Motion, Exhibit "H," pp. 4–11) approved by the District Court (Motion, Exhibit "I"), that the B & L entities collected at least $2,901,940 on CSXT accounts; that they remitted only $984,208, leaving at least $1,917,732 unaccounted for; and that the B & L entities' claim of an offsetting counterclaim against CSXT was "unwholly unsupported." (Exhibit "H," p. 10.)

██ Under § 109(e), a debtor who owes noncontingent, liquidated debts of $307,675 or more is ineligible for chapter 13 relief. A debt is not contingent if all the events giving rise to liability have occurred prior to the filing of the bankruptcy petition. *See, e.g., In re Mazzeo,* 131 F.3d 295, 303 (2d Cir.1997); *In re Knight,* 55 F.3d 231, 236 (7th Cir.1995); *Hounsom v. United States,* 325 B.R. 319, 324 (M.D.Fla. 2005). A debt is liquidated if its amount is certain due to agreement of the parties or by operation of law. *United States v. Verdunn,* 89 F.3d 799, 802 (11th Cir.1996). A dispute over the debtor's liability does not

make a debt contingent, *see In re Mazzeo, supra,* or unliquidated. *Verdunn, supra.*

■ The alleged debt here is not contingent, because all of the events giving rise to liability have occurred. The alleged debt is liquidated because its amount, according to CSXT, is certain; the amount due is equal to collections that the B & L entities received and did not remit. Moreover, any question as to whether a debt is liquidated despite a dispute about its amount is moot here because there has been a judicial determination of the amount. Because the Debtor's dispute with CSXT in the District Court litigation goes to his liability, not the amount if he is liable, the claim is liquidated under *Verdunn, supra,* 89 F.3d at 802.

■ But determining that the alleged debt is noncontingent and liquidated does not end the inquiry. The language of § 109(e) is important:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 ... may be a debtor under chapter 13 of [Title 11].

■ Eligibility for chapter 13 thus depends on the amount of *debts* that the debtor *owes* on the date of the filing of the petition. The Debtor denies that he personally *owes* anything to CSXT, and CSXT's claim against the Debtor has not been adjudicated, a point that the District Court expressly made. (Motion, Exhibit "I," p. 12.)

CSXT nevertheless requests that the Court deny the Debtor the right to seek chapter 13 relief because it has asserted a *claim* (see 11 U.S.C. § 101(5)(A)) in excess of § 109(e)'s limit that is liquidated and

not contingent. CSXT's position contradicts the plain meaning of the statute.

■ The Bankruptcy Code expressly defines "debt" as "liability on a claim," 11 U.S.C. § 102(12), and the plain meaning of "owe" is "to be under an obligation to pay." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1612 (Merriam–Webster 1993). The Bankruptcy Code carefully distinguishes between "claim" and "debt." *Compare* § 101(12) *with* § 101(5)(A). The use of "debt" in § 109(e) instead of "claim," together with the requirement that the debtor owe it, demonstrates that chapter 13 eligibility is properly based on the amount of the debtor's actual liability. The Debtor's eligibility in this case, therefore, depends on whether the Debtor *owed* CSXT a *debt* on the filing date, that is, whether he was *liable* on CSXT's *claim.*

■ Simple considerations of fairness support this analysis. A debtor who does not owe an alleged debt that would otherwise render him ineligible should not be denied the right to proceed in chapter 13 merely because an adverse party asserts a claim. And a debtor has a due process right to a judicial determination of liability on a claim, no matter how strong the merits of the claim may appear, before denial of chapter 13 relief.

■ At the same time, § 109(e) does not permit a debtor to *obtain* chapter 13 relief in the face of an alleged disqualifying debt merely because he denies liability. A reading of the statute to allow a debtor to proceed in a chapter 13 case without a determination of liability would permit a debtor to define eligibility by raising disputes. Thus, the statute's denial of chapter 13 eligibility to debtors who owe debts in excess of its limits requires that liability be determined before the case can proceed to confirmation.

CSXT contends that the Court's conclusion that liability must be established before making the § 109(e) eligibility determination contradicts the Eleventh Circuit's ruling in *United States v. Verdunn,* 89 F.3d 799 (11th Cir.1996). In *Verdunn,* the bankruptcy court had confirmed the debtor's plan, and the lower courts had excluded the Internal Revenue Service's disqualifying debt from the eligibility determination as an unliquidated debt because the debtor disputed it. The Eleventh Circuit reversed with instructions to dismiss the chapter 13 case. CSXT reads the case as standing for the proposition that chapter 13 relief must be denied if a creditor asserts a debt against the debtor, even if the debtor's liability is disputed and has not been established, so long as all the facts giving rise to it have arisen prior to the filing and the amount of the claim is liquidated.

Although *Verdunn* appears to deal with a situation identical to this case, it did not rule on the precise issue presented here and is distinguishable on its facts. *Verdunn* governs the issue of whether a dispute makes an alleged debt unliquidated, as discussed above, but its holding does not control the issue of whether liability must be determined before eligibility.

*Verdunn* did not consider whether the eligibility determination should await resolution of the tax dispute. Indeed, the debtor could not have made such a contention to the appellate court. As the Eleventh Circuit noted, the debtor's tax liability and its amount had been judicially established by the time the appeal was heard. *Verdunn,* 89 F.3d at 801, n. 4. At the time of the court's ruling, therefore, the debtor's ineligibility had been conclusively determined.

Moreover, *Verdunn* focused on whether the debtor's denial of liability rendered the debt unliquidated. The court did not examine the words "claim" and "debt" in deciding the issue before it and did not consider them in the context of the different issue presented here.

In view of the plain meanings of "debt" and "owe" and the common sense proposition that a debtor should be eligible for chapter 13 relief if he establishes that he actually does not owe an alleged debt asserted against him that would otherwise put him over § 109(e)'s limitation, it is appropriate to limit *Verdunn* to its actual holding. *Verdunn* holds that a dispute over liability does not make a debt unliquidated and that, therefore, it is error to confirm a chapter 13 plan where the amount of a disputed debt renders the debtor ineligible. Because judicial determination of the debtor's liability for the taxes in the meantime had conclusively established that he was not eligible, the court's instruction to dismiss the case was the only proper outcome.

*Verdunn* does not deal with, or preclude, postpetition adjudication of a liability dispute so that eligibility may be properly determined before proceeding to confirmation. Consequently, it does not require dismissal of a chapter 13 case without giving the debtor an opportunity to litigate whether he owes an alleged debt that would render him ineligible.

■■■ Because eligibility under § 109(e) depends on whether the Debtor is actually liable, there must be a determination of liability before the Court can determine eligibility. Both this Court and the District Court have jurisdiction to determine the Debtor's liability, but the better forum is the District Court. The litigation has been pending in the District Court for three years. A special master has filed extensive reports after substantial investigation and review of documents and testimony. The District Judge has experience

with the litigation and has received, reviewed, and ruled on two of the three reports the special master has submitted. The question of the Debtor's liability involves no specialized bankruptcy issues with which this Court might be more familiar. CSXT has stated its preference to proceed in the District Court and has indicated that the District Court may be able to calender the issue of liability for trial within the next few months.

There is no reason to duplicate the work of the District Court or multiply the litigation burden of the parties with another proceeding in the Bankruptcy Court. Accordingly, CSXT and the Debtor should be permitted to litigate in the District Court and to obtain a final judgment with regard to the Debtor's liability, if any, and the amount thereof. This Court would then be in a position to rule on the Debtor's eligibility.

■ CSXT's motion alternatively seeks dismissal or conversion based on the Debtor's bad faith filing. The Chapter 13 Trustee has also moved to convert based on her objections to confirmation. Before hearing the Debtor's evidence on these issues, the Court entertained legal argument on the sufficiency of CSXT's showing. At the end of the day, the Court recessed the hearing and scheduled a telephone conference to discuss continuation of the proceedings. After further deliberation and consideration of the parties' positions as asserted during the telephone conference and in supplemental briefs, the Court concludes that good faith and other issues asserted by CSXT and the Chapter 13 Trustee are more properly determined after resolution of the question of the Debtor's liability to CSXT.

Whether the Debtor owes $1.9 million to CSXT is the critical issue in this case. It obviously governs eligibility. And as a practical matter, its resolution would in all likelihood eliminate the bad faith issue. If CSXT prevails, the bad faith issue is moot. If the Debtor prevails, CSXT will not have standing to raise it because it will not have a claim in the case. Moreover, the Debtor's good faith is most fairly evaluated in the context of what his actual debts are.

The need for CSXT and the Debtor to litigate the liability issue in order to determine the Debtor's eligibility necessarily delays administration of this chapter 13 case. But it is not uncommon to defer confirmation proceedings pending litigation of related issues. In the meantime, other aspects of case administration continue. For example, the debtor continues to make postpetition mortgage payments and payments to the chapter 13 Trustee in accordance with the proposed plan, and the Court may enter orders for adequate protection payments to secured creditors to be made either by the Trustee from the debtor's payments or directly by the debtor. Such procedures may be employed here to protect the interests of parties in interest pending a ruling on eligibility and, thereafter, hearings on other issues and objections to confirmation.

The Court notes that these procedures for determining eligibility and provisions for interim payments pending conclusion of litigation fairly accommodate the legitimate rights and interests of CSXT, the Debtor, and secured creditors. CSXT continues to prosecute its litigation to conclusion. If the Debtor actually is liable to CSXT, he should not be able to proceed in chapter 13; if he is not liable, he should have the option to try. He is not appropriately entitled to that option, however, without a determination of his liability, if any. The requirements for plan, adequate protection, and postpetition mortgage payments should insure that the delay due to the necessary litigation does not harm secured creditors.

In accordance with the foregoing, the appropriate course of action is for the Court to modify the stay of 11 U.S.C. § 362(a) to permit litigation to proceed in the District Court, stay further proceedings in this Court with regard to CSXT's and the Trustee's motions and confirmation pending determination of liability, and direct interim payments. In response to the Court's inquiry at the telephone conference, however, the Debtor in his supplemental brief requests that the Court rule on his eligibility without the liability question being resolved in the District Court.

 The Debtor's position as thus put before the Court is that he is currently eligible for chapter 13 relief because the dispute with CSXT makes the alleged debt contingent or unliquidated and, as such, excluded from the eligibility determination of § 109(e). It appears, therefore, that the Debtor desires to rest on the legal proposition that § 109(e) eligibility does not depend on prior determination of liability on CSXT's debt and that he has the right to go forward in this case without having to litigate with CSXT on the merits.[1]

For reasons stated above, the Court rejects the Debtor's position. Unless the Debtor shows that he has no liability to CSXT, he cannot establish that he is eligible to be a chapter 13 debtor under § 109(e). Because the Debtor asserts that his eligibility is properly determined without an adjudication of whether he is actually liable, he has not made, and does not propose to make, such a showing.[2] Therefore, his case must be dismissed.

 The Debtor has also requested that the Court permit the chapter 13 case to remain pending while he appeals the Court's ruling and that the automatic stay continue in effect during that time. The Court questions whether this is appropriate in view of the Court's determination of the need for the CSXT litigation to go forward, but consideration of the request is premature. If the Debtor appeals and he seeks a stay pending appeal under FED. R. BANKR.P. 8005, the Court will then consider the question.

It is, therefore, hereby **ORDERED AND ADJUDGED** that this case be, and the same hereby is, **DISMISSED**. The Clerk is directed to provide notice of the dismissal to all parties in interest.

---

1. If the Court has misinterpreted the Debtor's position, he may timely move for reconsideration and entry of an Order permitting this case to continue under the conditions set forth in the text providing for litigation to proceed in the District Court and for interim payments.

2. The requirement that the Debtor establish eligibility by showing that he is not liable does not shift the burden of proof in the underlying litigation; the Debtor's eligibility would be established with a judicial determination that the Debtor is not liable because CSXT has not met its burden of proof.